UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-23078-CIV-HUCK/O'SULLIVAN

INGASEOSAS INTERNATIONAL CO.,

    Petitioner,
vs.

ACONCAGUA INVESTING LTD.,

    Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

    This matter is before the Court on Respondent Aconcagua Investing Ltd.'s Cross-Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. #31], filed December 23, 2010. Aconcagua argues that the Court does not have jurisdiction to consider Petitioner Ingaseosas International Corp.'s Amended Motion to Vacate Arbitration Award [D.E. #9] because the Court does not have jurisdiction pursuant to Section 203 of the Federal Arbitration Act to consider such a motion. The Court agrees, finding that it does not have jurisdiction pursuant to Section 203, nor does it have federal question or supplemental jurisdiction. Thus, the Court grants Aconcagua's Cross-Motion to Dismiss.

**I.    RELEVANT BACKGROUND**

    The relevant procedural facts underlying Aconcagua's Cross-Motion to Dismiss are undisputed. Ingaseosas and Aconcagua are British Virgin Islands companies that also have their principal place of business in the British Virgin Islands. On February 26, 2008, Ingaseosas agreed to sell to Aconcagua shares that it owned in another British Virgin Islands company that possessed the Coca-Cola Bottling Company franchise for Ecuador. The Stock Purchase Agreement to which the parties agreed required the parties to resolve their disputes through final and binding arbitration.

1

The contract specified that the arbitration would be seated in Miami, Florida and would be governed by New York law. The transaction contemplated in the Stock Purchase Agreement did not close. On October 8, 2008, Aconcagua commenced an arbitration proceeding against Ingaseosas in Miami, claiming damages for breach of contract. Ingaseosas was represented by counsel in the arbitration, and filed a counter-claim. In July 2009, the parties participated in an arbitration hearing. On August 20, 2009, the arbitrator issued his final award, requiring Ingaseosas to pay Aconcagua the sum of $11,067,500.00. The arbitrator denied Ingaseosas' counterclaim.

Ingaseosas did not pay Aconcagua the amount required by the arbitrator, prompting Aconcagua, on September 12, 2009, to apply to the High Court of the British Virgin Islands for recognition and incorporation of the final award into a judgment. In response, on October 14, 2009, Ingaseosas filed a Motion to Vacate [D.E. #1] in this Court, and then, on October 27, 2009, filed an Amended Motion to Vacate [D.E. #9] that complied with the Court's page limits. In response to a request by Ingaseosas, the High Court of the British Virgin Islands stayed the proceedings pending before that court for a week, but indicated that no further stay would be granted beyond November 12, 2009 unless Ingaseosas provided security in the sum of $6,928,646.00. Ingaseosas did not provide the security deposit and did not appeal the order requiring it to provide security. On November 12, 2009, the High Court entered an order granting Aconcagua leave to enforce the final award in the same manner as a judgment issued by the High Court, and entered judgment in favor of Aconcagua and against Ingaseosas in the same terms as those of the final award. Ingaseosas did not appeal the High Court's decision. On November 30, 2009, Aconcagua filed a Cross-Motion to Confirm Final Arbitral Award [D.E. #19] in this Court.

Based on the judgment and Ingaseosas' refusal to pay the amount of the final award to Aconcagua, Aconcagua requested that the High Court appoint liquidators for Ingaseosas in order to secure payment of the judgment. In response, Ingaseosas requested that the High Court stay that proceeding because of the action pending in this Court. On January 25, 2010, the High Court denied

Ingaseosas' request and appointed liquidators. Ingaseosas did not appeal the appointment of liquidators. However, Ingaseosas' counsel apparently attempted to convince the High Court not to inform this Court that Ingaseosas had been placed into liquidation. Thus, the liquidators hired new Florida counsel on February 3, 2010, who informed this Court of the pending liquidation action. In light of this, on February 4, 2010, the Court entered an Order staying and administratively closing the case in order to allow the liquidators time to decide how to proceed.

Meanwhile, the liquidators were able to secure payment from the proceeds of the sale of Ingaseosas' shares in the bottling company amounting roughly to $13,350,000.00, which was sufficient to cover the judgment for Aconcagua. Combined with $40,000.00 that Ingaseosas had going into liquidation, these proceeds derived from the stock sale meant that Ingaseosas was solvent going into liquidation, and could be taken out of liquidation if the judgment was paid to Aconcagua.

Prior to payment of the judgment by the liquidators, Ingaseosas' shareholders sought permission from the High Court to permit them to assume control over the Motion to Vacate pending in this Court. The High Court denied this application, noting that Aconcagua held an unappealed judgment in the High Court, and that vacatur of the arbitration award in this Court would have no effect on the final judgment against Ingaseosas in the High Court. The High Court noted that the instant proceedings will not impact its judgment unless the award is set aside for fraud or mistake, arguments never advanced by Ingaseosas in the High Court. Thus, the High Court declined to stay the liquidation proceedings while Ingaseosas prosecuted the Motion to Vacate in this Court. Although the liquidators wished to discontinue proceedings in this Court, the High Court directed the joint liquidators to take no further steps regarding the Motion to Vacate, so as not to prejudice Ingaseosas' position. Since the High Court's opinion on July 27, 2010, the liquidators have paid Aconcagua an amount sufficient to satisfy the entire amount due to it pursuant to the final award.

On January 13, 2011, this Court held a hearing on Ingaseosas's Motion to Lift Stay and Reopen Case. The Court granted Ingaseosas' Motion to Lift Stay and Reopen Case, so that it could

consider Aconcagua's Cross-Motion to Dismiss. [D.E. #39.]

**II.     ANALYSIS**

Aconcagua moves to dismiss Ingaseosas' Motion to Vacate for lack of subject matter jurisdiction, arguing that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention) does not give federal district courts original jurisdiction to hear vacatur actions. Ingaseosas, in turn, argues that federal district courts have original jurisdiction pursuant to the Convention to hear such motions, and that the Court also has federal question jurisdiction (28 U.S.C. § 1331) and supplemental jurisdiction (28 U.S.C. § 1367). The Court finds that it does not have subject matter jurisdiction.

**A.     Jurisdiction Pursuant to 9 U.S.C. § 203**

The New York Convention is enacted in the United States within Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in section 201–208. Section 203 controls the jurisdiction of courts to hear actions brought pursuant to the Convention. 9 U.S.C. § 203. It provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Id*. However, it does not appear that a motion to vacate an arbitral award is an "action or proceeding falling under the Convention." As its name suggests, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards explicitly regulates only two types of proceedings—(1) for an order confirming an arbitration award (9 U.S.C. § 207), and (2) for an order compelling arbitration pursuant to an arbitration agreement (9 U.S.C. § 206). The Convention makes no mention of vacatur actions. Courts that have spoken on the issue, even in dicta, universally agree that federal district courts do not have original jurisdiction to hear a motion to vacate an arbitral award pursuant to the Convention, when the motion to vacate is the sole basis for subject matter jurisdiction. *See, e.g.*, *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15,

22 (2d Cir. 1997) ("[M]any commentators and foreign courts have concluded that an action to set aside an award can be brought *only* under the domestic law of the arbitral forum, and can never be made under the Convention."); *Lander Co. v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997) ("[T]he New York Convention contains no provision for seeking to vacate an award, although it contemplates the possibility of the award's being set aside in a proceeding under local law . . . and recognizes defenses to the enforcement of an award."); *HSMV Corp. v. ADI Ltd.*, 72 F. Supp. 2d 1122, 1127 n.8 (noting that the Petitioner's petition to vacate could not have been initiated pursuant to the Convention because "[t]he Convention contains no provision that expressly permits a losing party to initiate a suit to vacate an award that would otherwise fall under the scope of the Convention. . . . As drafted, the Convention provides a mechanism for winning parties to initiate a proceeding to confirm arbitration awards and sets forth grounds by which a court may refuse to recognize or enforce the award"); *Tesoro Petroleum Corp. v. Asamera (South Sumatra) Ltd.*, 798 F. Supp. 400, 405 (W.D. Tex. 1992) (finding that the Convention's purpose is to encourage recognition and enforcement of arbitration agreements, and that it does not authorize a suit to vacate an arbitral award); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 n.9 (2009) ("Chapter 2 of the [Federal Arbitration Act] . . . does expressly grant federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the Convention . . . [T]hese sections demonstrate that when Congress wants to expand [federal-court] jurisdiction, it knows how to do so clearly and unequivocally.") (quotation omitted; last alteration in original); *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1290–91 (11th Cir. 2004) (listing as causes of action under the Convention for enforcing arbitration agreements only (1) an action to compel arbitration pursuant and (2) an action to confirm an arbitration award). The Convention, however, contemplates the possibility that an arbitral award may be set aside under a state's local law. *Yusuf Ahmed Alghanim & Sons, W.L.L.*, 126 F.3d at 22; *Lander Co.*, 107 F.3d at 478. In fact, the only courts with authority to vacate an arbitral award are courts at the seat of the arbitration. *Telenor Mobile Communications*

*AS v. Storm LLC*, 524 F. Supp. 2d 332, 343 n.8 (S.D.N.Y. 2007); *International Standard Electric Corp. v. Bridas Sociedad Anonima Petrolera*, 745 F. Supp. 172, 178 (S.D.N.Y. 1990). In light of the plain text of the Convention, and case law that overwhelmingly confirms that the Convention provides for causes of action only for recognition and enforcement of arbitral awards, the Court cannot agree with Ingaseosas that the Court has jurisdiction over Ingaseosas' Motion to Vacate pursuant to the Convention.

The cases that Ingaseosas cites in support of its argument are inapposite, because their paths to federal district court differ significantly from the situation here. The Court notes that Ingaseosas has not cited any case indicating that a federal district court has subject matter jurisdiction to hear a motion to vacate pursuant to the Convention, when the motion to vacate initiates the case in federal court.[1] In *Industrial Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, the Eleventh Circuit found that it had subject matter jurisdiction to hear an appeal regarding a motion to vacate an arbitral award pursuant to the Convention. 141 F.3d 1434, 1441 (11th Cir. 1998). However, the motion to vacate was not the basis of the district court's nor the Eleventh Circuit's jurisdiction. The district court mistakenly believed that its jurisdiction derived from the Federal Arbitration Act pursuant to diversity jurisdiction. *Id*. at 1440. The district court, in fact, had jurisdiction pursuant to the Convention when M.A.N., a German corporation, moved to compel arbitration in 1987 and 1988. *Id*. at 1438–39. It was not until 1993, when the arbitrators returned an award in favor of M.A.N., that the district court heard the motion to dismiss. *Id*. at 1439. In finding that the district court

---

[1] Ingaseosas initiated this case by filing its Motion to Vacate, and Aconcagua later filed its Cross-Motion to Confirm Final Arbitral Award. Aconcagua's Cross-Motion is irrelevant to the jurisdictional issues, because subject matter jurisdiction is measured at the time that the case is initiated. *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997); *HMSV Corp.*, 72 F. Supp. 2d at 1126. In this case, the Court did not have subject matter jurisdiction at the time that Ingaseosas filed its Motion to Vacate; Aconcagua's later filing of its Cross-Motion does not cure the initial lack of subject matter jurisdiction.

mistakenly derived its jurisdiction from diversity, the Eleventh Circuit held that "an arbitral award made in the United States, under American law, falls within the purview of the New York Convention—and is governed by Chapter 2 of the FAA—when one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States." *Id*. at 1441.  The Eleventh Circuit then stated that the arbitral panel's award "must be confirmed unless appellants can successfully assert one of the seven defenses against enforcement of the award enumerated in Article V of the New York Convention." *Id*.  The Eleventh Circuit went on to consider these possible defenses on the merits.  It is notable that the Eleventh Circuit framed its decision solely in terms of the defined defenses to recognition of an award enumerated in the Convention.  *Id*. at 1445–46.  Thus, it is evident from the Eleventh Circuit's decision, and the utter absence of discussion regarding its subject matter jurisdiction to hear a motion to vacate pursuant to the Convention, that the Eleventh Circuit's subject matter jurisdiction derived not from the motion to vacate, but from the underlying motion to confirm the arbitral panel's award.

In *Telenor Mobile Communications*, the federal district court action was commenced when a party removed a motion to vacate to federal court pursuant to 9 U.S.C. § 205.  524 F. Supp. 2d at 340.  However, the motion to vacate did not initiate the court action; the petitioner first filed a petition to confirm the arbitrator's final award in District Court.  The respondent only filed its vacatur motion in response to the petition to confirm.  *Id*. at 343.  This implicates the question of whether, with regard to a motion to vacate, removal jurisdiction pursuant to 9 U.S.C. § 205 is broader than original jurisdiction under 9 U.S.C. § 203, which is a subject of disagreement in federal courts.  *Compare Banco de Santander Central Hispano, S.A. v. Consalvi International, Inc.*, 425 F. Supp. 2d 421, 434 (S.D.N.Y. 2006) (finding, in a case removed pursuant to § 205, that the federal district court had jurisdiction to consider a motion to vacate an arbitral award) *with Virginia Surety Co. v. Certain Underwriters at Lloyd's, London*, 671 F. Supp. 2d 996, 998–99 (N.D. Ill. 2009) (finding that it would be anomalous for a federal district court to have jurisdiction over a motion to

7

vacate that was removed from state court, when the federal district court would not have original jurisdiction to hear the motion pursuant to the Convention). Nevertheless, the *Telenor* court found that it had jurisdiction pursuant to 9 U.S.C. § 205, distinguishing it from the present case. Based on the cases considered above, the Court finds that it does not have subject matter jurisdiction pursuant to the Convention to consider Ingaseosas' Motion to Vacate.

This is not to say that Ingaseosas was without a forum in which to bring its Motion to Vacate. A plaintiff seeking to vacate an arbitral award pursuant to the Convention may bring a vacatur action in a local court in the seat of the arbitration. *See Yusuf Ahmed Alghanim & Sons, W.L.L.*, 126 F.3d at 22–23 ("[U]nder the Convention, the power and authority of the local courts of the rendering state remain of paramount importance. . . . The Convention provides no restraint whatsoever on the control functions of local courts at the seat of arbitration. . . . The Convention specifically contemplates that the state in which, or under the law of which, the award is made, will be free to set aside or modify an award in accordance with is domestic arbitral law and its full panoply of express and implied grounds for relief.") (citation omitted). In Florida, a petitioner may appeal a Florida arbitral decision in state court pursuant to Fla. Stat. § 682.13. *See* Fla. Stat. § 682.13 (listing reasons for vacating an arbitral award, and stating procedures for filing such an action, including requiring that "application under this section shall be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known"). Thus, Ingaseosas has a forum—Florida state court—in which to pursue its Motion to Vacate.

      **B.**    **Jurisdiction Pursuant to 28 U.S.C. § 1331**

Ingaseosas' contention that the Court has independent federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because the Convention is a federal treaty, is unsupported. The previous discussion makes clear that the Court does not have original jurisdiction over vacatur motions pursuant to the Convention. Ingaseosas also cannot rely on the underlying Federal

8

Arbitration Act as a source of federal question jurisdiction, because it long has been established that the Federal Arbitration Act "does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984); *see Vaden*, 129 S. Ct. at 1271 ("As for jurisdiction over controversies touching arbitration, however, the Act is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute.") (quotations and alterations omitted); *Baltin v. Alaron Training Corp.*, 128 F.3d 1466, 1470 (11th Cir. 1997) (noting that § 9 of the Federal Arbitration Act confers no federal subject matter jurisdiction, and holding the same for §§ 10–11 of the Act). As such, the Court has no federal question subject matter jurisdiction over Ingaseosas' Motion to Vacate.

### C. Jurisdiction Pursuant to 28 U.S.C. § 1367

Ingaseosas further contends that the Court may assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Ingaseosas' argument is that the Court properly has jurisdiction over Aconcagua's Cross-Motion to Confirm Final Arbitral Award pursuant to the Convention; therefore, the Court may assert supplemental jurisdiction over Ingaseosas' Motion to Vacate. In this setting, Ingaseosas' Motion to Vacate operates as a complaint—because it initiated the action in this case—and Aconcagua's Cross-Motion to Confirm Final Arbitral Award operates as a counter-claim to the complaint. Thus, Ingaseosas essentially argues that the Court—despite not having original jurisdiction to consider the Motion—should retain jurisdiction of the Motion because the Court has jurisdiction to consider a counter-claim raised by Aconcagua through the Cross-Motion.

The Court notes that this contention is precluded by the Supreme Court's holding in *Homes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, which involved a defendant's attempted removal of a case from state court based on federal question jurisdiction of its counter-claim. 535 U.S. 826 (2002). In *Homes Group*, the Supreme Court noted the principle that "federal jurisdiction generally exists 'only when a federal question is presented on the face of *plaintiff's* properly pleaded

9

complaint.'" *Id*. at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Based on that principle, the Supreme Court stated the rule that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id*. Similarly, it would be anomalous for this Court to assert supplemental jurisdiction over a claim that Ingaseosas never properly brought in this Court. Ingaseosas cites no case supporting the proposition that a federal district court may assert supplemental jurisdiction over a claim when that claim, which initiated the case, lacked federal subject matter jurisdiction when it was filed.[2] Nor does Ingaseosas cite any case, and the Court has found none, in which a federal district court has asserted supplemental jurisdiction over a motion to vacate an arbitral award, when the motion to vacate initiated the federal proceeding. The Court is reluctant to assert supplemental jurisdiction over Ingaseosas' Motion to Vacate when the Court clearly did not have subject matter jurisdiction over the Motion to Vacate at the time it was filed, either through federal question, diversity, or supplemental jurisdiction.[3]

The Court also is not persuaded by Ingaseosas' argument that the Court could retain supplemental jurisdiction over this matter even if Aconcagua were to voluntarily dismiss its Cross-Motion. It would be anomalous for the Court to retain jurisdiction over Ingaseosas' Motion to Vacate pursuant to supplemental jurisdiction after Aconcagua dismissed its Cross-Motion, when the Court would only have jurisdiction over Ingaseosas' Motion by virtue of its original jurisdiction over

---

[2] As indicated in Footnote 1, subject matter jurisdiction is measured as of the time of the initial pleading. *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997); *HMSV Corp.*, 72 F. Supp. 2d at 1126.

[3] Even if the Court were to consider the Cross-Motion as a defense to the Motion to Vacate, rather than a counter-claim, the analysis would be similar. The Supreme Court's long-established *Mottley* Rule, reduced to its essential holding, mandates that a claim is not properly in federal court pursuant to federal question jurisdiction when the only ground for federal question jurisdiction is a defense to the claim, and not the claim itself. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

Aconcagua's Cross-Motion.  As noted above, at the time that Ingaseosas filed the Motion to Vacate, the Court did not have subject matter jurisdiction over this case.  The Court is not persuaded that Aconcagua's subsequent filing of its Cross-Motion cured the initial jurisdictional defect.  Accordingly, the Court finds that it does not have supplemental jurisdiction pursuant to 18 U.S.C. § 1367 over Ingaseosas' Motion to Vacate.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that it does not have subject matter jurisdiction to consider Ingaseosas' Motion to Vacate pursuant to the Convention, federal question jurisdiction, or supplemental jurisdiction.  Therefore, the Court GRANTS Aconcagua's Cross-Motion to Dismiss.[4]

DONE AND ORDERED in Chambers, Miami, Florida, on February 10, 2011.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

---

[4] In its Cross-Motion to Dismiss for Lack of Subject Matter Jurisdiction, Aconcagua also moved for sanctions. (*See* Mot. to Dismiss [D.E. #31], at 15.)  However, Aconcagua's Motion for Sanctions consisted of a mere three-sentence request that did not cite to any case law, and does not comply with the Local Rules of the Court.  If Aconcagua wishes the Court to consider its Motion for Sanctions, it should raise these issues in a motion and supporting memorandum that comply with Local Rule 7.1(a).